NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0850-14T3

MIDLAND FUNDING LLC
A/P/O WEBBANK,

    Plaintiff-Respondent,

v.

ROBERTA BORDEAUX,

    Defendant-Appellant.

**APPROVED FOR PUBLICATION**

**September 29, 2016**

**APPELLATE DIVISION**

_____

Argued December 16, 2015 — Decided September 29, 2016

Before Judges Fuentes, Koblitz and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Special Civil Part, Bergen
County, Docket No. DC-7527-14.

Leah M. Nicholls (Public Justice) of the
Washington DC and Virginia bars, admitted
pro hac vice, argued the cause for appellant
(Kim Law Firm, LLC and Ms. Nichols,
attorneys; Karla Gilbride (Public Justice)
of the California bar, admitted pro hac
vice, and Yongmoon Kim, of counsel and on
the briefs).

Lawrence J. Bartel argued the cause for
respondent (Marshall, Dennehey, Warner,
Coleman & Goggin, P.C. and Forster, Garbus &
Garbus, attorneys; LaTi W. Spence and Glenn
S. Garbus, on the brief).

The opinion of the court was decided by

FUENTES, P.J.A.D.

Plaintiff Midland Funding, L.L.C., A/P/O Webbank is in the business of purchasing consumer debt from the original creditor at a substantial discount. Plaintiff thereafter attempts to collect the full amount of the alleged outstanding balance, plus accrued interest and late fees, from the debtor. The issue in this appeal concerns the enforceability of an arbitration clause that plaintiff alleges was part of the consumer credit application form prepared by the original creditor. Plaintiff alleges that this application form was provided to and accepted by defendant as a condition of receiving credit.

This issue arose in the context of a small claims case that plaintiff filed in the Law Division, Special Civil Part to collect $1018.04 from defendant. After joinder of issues, which included a counterclaim alleging violations of fair debt collection practices, the trial court granted plaintiff's motion to enforce the arbitration clause and dismissed the case with prejudice. Based on the record before us, we conclude that the trial court erred in its decision to compel defendant to submit to arbitration. The evidence plaintiff provided to the trial court in support of its motion to compel arbitration did not establish that defendant knowingly agreed to waive her rights to have the matter adjudicated in state court.

A-0850-14T3

Plaintiff filed a small claims civil action[1] in the Bergen County Superior Court, Law Division, Special Civil Part, seeking to collect from defendant Roberta Bordeaux on a past due consumer debt. Plaintiff alleged that "[u]pon information and belief," defendant "made credit card purchases or took money advances under a credit card or line of credit account or promissory note or loan in the total amount of $1018.04." Plaintiff further claimed that it is "the current owner of this debt and retains all rights, title, and interest to this debt." The complaint stated that the loan originated with Webbank and proceeded to list "the last four digits of the original account number . . . ." As required by Rule 4:5-1(b)(2), plaintiff's counsel certified that the dispute was not subject to any other action or arbitration proceeding "now or contemplated."

Defendant filed an answer denying liability, as well as a counterclaim alleging that defendant violated the Fair Debt Collection Practices Act (FDCPA),[2] 15 U.S.C.A. §§ 1692—1692p.

_____

[1] Small claims civil actions are defined, in relevant part, as "all actions in contract . . . when the amount in dispute, including any applicable penalties, does not exceed, exclusive of costs, the sum of $ 3,000." R. 6:1-2(a)(2).

[2] "[T]he FDCPA prohibits a debt collector from, among other conduct, using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' . . . and using 'unfair or unconscionable means to collect or attempt to collect any debt.'" Hodges v. Sasil
(continued)

A-0850-14T3

Plaintiff filed an answer to defendant's counterclaim, denied liability under the FDCPA, asserted six separate affirmative defenses, and reserved its right to assert further defenses "as discovery warrants." Pursuant to <u>Rule</u> 4:5-1(b)(2), plaintiff's counsel certified that "[n]o other action or arbitration proceeding is contemplated." After joinder of issues, the parties engaged in discovery, which included defendant's motion to compel plaintiff to respond to interrogatories.

Before the return date of defendant's discovery motion, plaintiff filed a motion to compel arbitration. The matter was originally scheduled for oral argument on August 22, 2014. On the day before the return date of plaintiff's motion, however, defendant filed a motion for summary judgment. The oral argument hearing was then adjourned until September 19, 2014. The following constitutes the entire verbatim record of what occurred at the oral argument hearing.

> THE COURT: All right. Why shouldn't this be in arbitration? Your credit card agreement says any dispute[] goes to arbitration. Right?
>
> DEFENSE COUNSEL: Well, I have -- I have two points. First, the -- the party moving to compel [the] arbitration bears the burden of

---

(continued)
<u>Corp.</u>, 189 <u>N.J.</u> 210, 222 (2007) (quoting 15 <u>U.S.C.A.</u> § 1692e; § 1692f).

proof that the arbitration agreement exists. And the --

THE COURT: Well, it exists.  Okay.  So . . . just tell me . . . if they sign[ed] a credit card agreement that says any disputes go to arbitration, what are we doing here?

DEFENSE COUNSEL: And my second point is that it doesn't exist because . . . the certification[] . . . attached a partial agreement without no --

THE COURT: This agreement contains an arbitration clause.  Please read this.  It's going to arbitration.  Thank you.  Have a nice day.

PLAINTIFF'S COUNSEL:  Thank you, Your Honor.

THE COURT:  So it's going to arbitration. Summary judgment is denied.  Motion to answer interrogatories [propounded by defendant] is moot.  Thank you.

The transcript shows that the oral argument hearing began at 9:10 a.m. and concluded at 9:11 a.m.  As the record reflects, the motion judge did not address defendant's summary judgment motion or defendant's discovery motion to compel plaintiff to respond to interrogatories.

On October 15, 2014, defendant filed her notice of appeal, challenging the order compelling arbitration.  Pursuant to <u>Rule</u> 2:5-1(b), on November 5, 2014, the trial court placed on the record supplementary findings of fact and conclusions of law explaining its reasons for granting the motion to compel

arbitration. The court made the following findings and conclusion of law in this supplemental statement:

> The only issue that is being appealed is the determination by the [c]ourt that the motion to compel arbitration should not have been granted and that the [c]ourt's determination that the other issues were moot since arbitration was being granted was in error.
>
> At the outset, it's clear . . . in my mind[] that the defendant used the credit agreement to make purchases and is now looking to avoid payment on that agreement by use of the procedural . . . requirements . . . of the Fair Debt Collection Practices Act and the fact that summary judgment should have been granted . . . based on the statute of limitations defense.
>
>     . . . .
>
> The plaintiff's position is that the defendant became bound to the agreement upon the accepting of the purchases from Dell and that the right to arbitrate has not been waived, that very little discovery has been exchanged, and no binding decision of the [c]ourt has been rendered yet, since the summary judgment denial was after the date of the arbitration determination[;] and[] therefore, there's been no showing that the plaintiff has completely waived its right to arbitrate.
>
> The defendant, on the other hand, citing Cole [v.] Jersey City Medical Center, 215 N.J. 265 [(2013)], feels that arbitration should not have been granted.
>
> In Cole, the proponent of the arbitration provision moved to compel arbitration [twenty-one] months after entering the case as a party. Now, in that case, the proponent had previously carried out

discovery, including interrogatories and depositions of at least [twelve] people, and during the discovery period the proponent failed to invoke the arbitration provision.

Now, the Supreme Court in <u>Cole</u> indicated that . . . determining . . . whether or not there's been a waiver is dependent on the totality of the circumstances and the [c]ourt should determine whether or not a [party's] litigation conduct was consistent with the reserve[d] right to arbitrate the dispute.

The factors will be addressed by the [c]ourt individually:

Number one is the delay . . . in making the arbitration[.] [T]he defense in this matter[,] I find[,] is not inordinate. It's made during discovery in the accelerated time periods of the Special Civil Part.

There's no indication that this is part of [a] litigation strategy in moving to arbitrate.

[The] [d]iscovery conducted is very sparse in this matter.

The request was made before the date of trial and . . . I don't see any prejudice to the defendant in this case if the matter is arbitrated.

The only motion concerning arbitration wasn't filed until July 22nd, [2014], three months after the complaint, which is not an inordinate period of time.

Neither side has provided information detailing the degree of discovery that was carried out, because there was minimal discovery since this is just a basic credit-card collection case.

. . . .

> Now, arbitration is a favored remedy in this state, and, given that fact and that there really has been no prejudice to the defendant in this case by going to arbitration, the [c]ourt is determining that the matter should be sent to arbitration.

The appellate record shows that plaintiff's sole evidence of the arbitration agreement's existence consists of two single-spaced, photocopied pages. These pages contain a number of provisions written in a font that is smaller than the size required to be used in all appellate briefs pursuant to Rule 2:6-10. One of the pages contains an "Arbitration Notice." This document does not reflect that defendant agreed to be bound to any of the provisions listed therein, particularly the arbitration clause at issue. Nor does the document bear defendant's signature, or any other indicia of her assent. The only thing that connects the document to this case is a certification signed by a "Legal Specialist" employed by plaintiff in St. Cloud, Minnesota.[3]

---

[3] This individual did not identify herself as an attorney admitted to practice in any jurisdiction. We thus infer that she performs the duties ordinarily carried out by a paralegal. See In re Opinion No. 24 of Comm. on Unauthorized Practice of Law, 128 N.J. 114, 123 (1992) (holding that in New Jersey, paralegals must perform their work under the supervision of attorneys who assume "direct responsibility for the work that the paralegals perform").

A-0850-14T3

This individual certified that based on her "personal knowledge" of account records maintained by plaintiff, the two unnumbered and unsigned pages attached to her certification reflect a "true and correct copy of the credit agreement provided to plaintiff by its predecessor in interest as the actual agreement applicable to Defendant's account." Conspicuously missing from the certified statement are any statements attesting that the two pages constitute the <u>complete</u> credit application and that defendant <u>agreed</u> to be bound by the provisions contained therein.

It is now settled law in this State that "[a]n agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'" <u>Atalese v. U.S. Legal Serv. Grp., L.P.</u>, 219 <u>N.J.</u> 430, 442 (2014), <u>cert. denied</u>, ___ <u>U.S.</u> ___, 135 <u>S. Ct.</u> 2804, 192 <u>L. Ed.</u> 2d 847 (2015) (quoting <u>NAACP of Camden Cty. E. v. Foulke Mgmt.</u>, 421 <u>N.J. Super.</u> 404, 424 (App. Div. 2011)). As the party seeking to enforce this alleged contractual provision, plaintiff has the burden to prove, by a preponderance of the evidence, that defendant assented to it. Moreover, because the arbitration clause constitutes a waiver of defendant's constitutional right to adjudicate this dispute in a court of law, plaintiff must prove that defendant had full knowledge of

her legal rights and intended to surrender those rights. Id. at 442—43.

The record plaintiff presented to the trial court was devoid of any evidence that satisfies the foregoing burden of proof. Indeed, the arbitration clause plaintiff sought to enforce expressly exempts small claims disputes from the class of cases that were intended to fall within its scope: "We agree not to invoke our right to arbitrate any individual Claim you bring in small claims court or an equivalent court so long as the Claim is pending only in that court." Plaintiff argues that defendant's counterclaim removes the case from the small claims court's jurisdiction, due to the $3000 cognizability limit. R. 6:1-2(a)(2). Although the record does not support such a claim, we need not decide this issue.

We are satisfied that the record we have described demonstrates plaintiff's failure to meet its burden of proving that defendant agreed to arbitrate. We thus reverse the order dismissing the case and ordering arbitration. We anticipate that the court will engage counsel with more patience on remand.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0850-14T3